IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA



| | |
|---|---|
| ERIC SMITH,<br>PLAINTIFF<br><br>vs.<br><br>CITY OF NORTH BRANCH,<br>MINNESOTA<br>DEFENDANT | )<br>) motion for and complaint<br>) Injunction / Preliminary<br>)                        Permanent<br>) Case Number:<br>)<br>)   24-cv-1868 (PJS/JFD)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff Eric Smith alleges as follows:

### INTRODUCTION

1. Plaintiff Eric Smith, wishes to continue displaying Political Flags a few times per year in the North Branch City Park. However, doing so violates North Branch City Park ordinance. Smith has been cited for violating the ordinance, faces steep fines and imprisonment, and risks additional prosecutions if he temporarily puts up his flags a few times per year.

2. The ordinance—which totally prohibits any political sign or political flags in public parks is vague, and overbroad, and it violates the Free Speech Clause of the First Amendment and the Due Process Clause of the Fourteenth Amendment, both on its face and as applied to Smith

### PARTIES

3. Plaintiff, Eric Smith, is a citizen of Utah who resides in Salt Lake City

4. Defendant City of North Branch is a municipal corporation of the State of Minnesota.

1

## JURISDICTION AND VENUE

5. Smith brings this claim pursuant to 42 U.S.C. § 1983, the Fourteenth Amendment to the United States Constitution, and the First Amendment to the United States Constitution, incorporated as against States and their municipal divisions through the Fourteenth Amendment.

6. This Court has jurisdiction under 28 U.S.C. § 1331 as this claim "arises under the Constitution of the United States."

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) & (2) because Defendant is located in Chisago County, Minnesota, City of North Branch and its actions giving rise to the claim in this suit occur in Chisago County, City of North Branch.

8. Venue is proper in the United States District Court of Minnesota.

## FACTS

9. Smith was displaying by point of political Assembly and redress of Government, Political Flags on Public Grounds a North Branch City Park area and possible State Highway Right of Way and practicing his free speech rights.

10. The flags read Trump 2024 Save America, Lets go Brandon and Trump 2024 Save America and others.

11. The signs also known as flags have a political message.

12. On August 3rd 2023 at approximately 4pm, a City of North Branch police officer showed up to serve Smith with a new City Ordinance Targeting him. He then wrote a citation for the flags that were placed in the round rotunda in the City Park. Officer attempted to stop Smith from filming and from reading the case laws out to have the officer enforce his rights and not ordinance. The officer refused to do so.

13. Smith tried to explain to the officer that the ordinance was facially unconstitutional under *Reed v. Town of Gilbert*, 135 U.S. 2218 (2015).

## THE ORDINANCE

14. The Ordinance Prohibits the right to practice free speech, to politically assemble and to protest peacefully. The Ordinance violates the rights of Smith to use public forum to have political discourse with the public and to engage in temporary political activities.

15. The Ordinance does not define signs nor does it provide any other place to practice Political activity and first amendment rights.

## POST-ENACTMENT ENFORCEMENT ACTION

16. On October 5th, 2023 the City of North Branch prosecuting attorney, Thomas Gehrt, issued a Misdemeanor against Smith.

17. The information accuses Smith of violating North Branch Ordinance 50.111.N and states that "[o]n or about August, 3rd of 2023 and on North Branch City property owned by the City of North branch, Smith did display and erect signs or advertisements violating City Ordinance.

18. The information notes that, if convicted, Smith could be fined up to $1,000 and/or imprisoned up to 90 days.

19. Each day of violation is subject to a separate charge. *Id.*

20. Smith is risking additional, daily prosecutions under the Ordinance by continuing to display, assemble and practice free speech and to engage with the public with his political signs that lead to public discourse in political conversations.

## **COUNT I: FIRST AMENDMENT**

*North Branch Ordinance 50.111.N is Unconstitutional  
under the Free Speech Clause of the First Amendment*

21. Smith repeats, re-alleges, and incorporates by reference the allegations in the foregoing paragraphs of this Complaint as fully set forth herein.

22. The Ordinance violates the Free Speech Clause of the First Amendment to the Constitution, on its face and as applied, because it impermissibly curtails Smith's free speech rights.

23. The Ordinance is also overbroad because it totally prohibits Political Assembly in a Public Forum, Prohibits the right to have and engage in political discourse, Prohibits the right to free speech and prohibits the right to a peaceful protest and any practices of assembly.

24. These provisions "simply prohibit too much protected speech." *City of Ladue v. Gilleo*, 512 U.S. 43, 51 (1994).

25. In light of *Reed v. Town of Gilbert*, 135 S. Ct. 2218 (2015), as well as *City of Ladue v. Gilleo*, 512 U.S. 43 (1994), the Ordinance is subject to strict scrutiny under the First Amendment.

26. The City of North Branch has no compelling or significant interest that can justify the Ordinance, and the purported interests listed in ordinance 50.111.N are not significant or compelling.

27. The Ordinance is not the least restrictive means to achieve a compelling government interest, nor is it narrowly tailored to achieve a significant government interest.

28. In the alternative or in addition, the Ordinance does not leave open ample alternative avenues of communication for Smith to convey his message.

29. Plaintiff Smith has been chilled from displaying and assembling of his political signs (Flags). to have public discourse, to assemble and redress the government and have a peaceful protest because of his reasonable fear of arrest and/or prosecution.

30. Smith risks additional prosecutions every day he displays his signs.

## COUNT II: DUE PROCESS

49. The Ordinance is unconstitutionally vague on its face and thereby violates Smith's right to due process under the Fourteenth Amendment to the U.S. Constitution.

50. The Ordinance does not define "obscenity" at all, much less with sufficient definiteness that an ordinary person can understand what conduct is prohibited according to the Complaint.

51. The Ordinance also encourages arbitrary and discriminatory enforcement based upon permission to practice constitutional rights from the City of North Branch.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays this Court:

a. Upon motion, grant a preliminary injunction preventing the enforcement of the Ordinance;

b. Grant a permanent injunction preventing the enforcement of the Ordinance;

c. Enter a declaration that the Ordinance is unconstitutional on its face and as applied to Plaintiff Smith,

d. Award Plaintiff nominal damages;

e. Award costs and attorneys' fees pursuant to 42 U.S.C. § 1988; and

f. Allow such other and further relief as this Court finds just.

Respectfully submitted,

/s/ Eric Smith
20 S Main Street
Bountiful, Utah 84010
Phone: 305-812-4249

**Pro' Se Attorney for Plaintiff**

CASE 0:24-cv-01868-PJS-JFD   Doc. 1   Filed 05/20/24   Page 6 of 6